**COSTELLO & MAINS, P.C.**
By: Kevin M. Costello, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| REBECCA MUSARRA, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| | : DOCKET NO: |
| STATE OF NEW JERSEY; NEW JERSEY | : |
| STATE POLICE; STATE TROOPER | : **Electronically filed** |
| MATTHEW STAZZONE (BADGE NO. | : |
| 7698) and JOHN DOES 1-5 AND 6-10, | : **COMPLAINT AND JURY DEMAND** |
| | : |
| Defendants. | : |

Plaintiff, Rebecca Musarra ("Plaintiff"), by way of Complaint against the defendants, says:

## Preliminary Statement

1. This action is brought by plaintiff to remedy violations of her Constitutional Rights pursuant to 42 U.S.C. 1983. Pendent claims are also brought under the New Jersey Civil Rights Act.

## Jurisdiction and Venue

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Sec. 1331.

3. Because Defendants are residents of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

1

## Identification of Parties

4. Plaintiff Rebecca Musarra is an individual residing in Philadelphia, Pennsylvania.

5. Defendant State of New Jersey is a public entity subject to suit under both federal and New Jersey state law.

6. Defendant New Jersey State Police is a public entity charged with law enforcement in the State of New Jersey and subject to suit under both federal and New Jersey state law.

7. Individual defendant State Trooper Matthew Stazzone (Badge No. 7698) is an adult individual who was, at all relevant times herein, employed as a State Trooper by the New Jersey State Police.

8. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

## General Allegations

9. On or about October 16, 2015, Plaintiff was traveling in her vehicle on County Road 519N. in Warren County, New Jersey.

10. At or about 9:30 p.m., Defendant Stazzone, in his capacity as a State Trooper, pulled over Plaintiff's vehicle.

11. Defendant Stazzone requested plaintiff's license registration and insurance.

12. Plaintiff provided her license and registration and went to obtain her insurance information which was on her cellular telephone.

13. Defendant Stazzone proceeded to ask Plaintiff questions to which she did not respond as she was looking for her insurance information.

14. Defendant Stazzone walked away, presumably to return to his vehicle, and plaintiff was advised to "sit tight."

15. Defendant Stazzone then returned to Plaintiff's vehicle and rapped his flashlight against the driver's window three times.

16. Subsequent to this encounter Plaintiff observed a chip in her window at the location where Defendant Stazzone hit his flashlight.

17. Defendant Stazzone instructed Plaintiff to roll down her window.

18. He then stated, "If you don't answer my questions, I am going to arrest you."

19. When Plaintiff inquired if she had heard correctly that he was going to arrest the Plaintiff if she did not answer questions, Defendant Stazzone responded, "Why aren't you answering my questions? Yeah."

20. Plaintiff then stated that she was an attorney and had the right to not respond to questions

21. Defendant Stazzone then ordered Plaintiff to exit the vehicle and place her keys on top of the vehicle.

22. Defendant Stazzone then handcuffed the plaintiff, placed her under arrest and transported her to the local station.

23. Plaintiff was then patted down a second time, forced to remove her blazer and shoes, and placed in a holding cell.

24. In the holding cell, Plaintiff was handcuffed to a bench.

25. Defendant Stazzone then entered the holding cell and asked biographical questions of the Plaintiff, which Plaintiff refused to answer.

26. Another State Trooper, name presently unknown, then entered and asked the same questions.

27. Plaintiff requested a telephone call but was refused the same.

28. The second Trooper indicated that he would make the call to plaintiff's parents for her, but he did not do so.

29. Approximately thirty minutes later, the supervisor, Trooper Butler (Badge. No. 7621) entered the holding cell and asked what had happened.

30. Plaintiff explained that she had been arrested for refusing to answer questions.

31. Trooper Butler attempted to state that refusing to answer questions constitutes obstruction, but Plaintiff responded that it was not obstruction under both federal and state law.

32. Trooper Butler later returned to the cell and advised that he had reviewed the dashboard camera video.

33. Trooper Butler then stated that Defendant Stazzone was a "rookie" and that "we'll mark it up to training."

34. This statement by Trooper Butler represents evidence that defendants failed to adequately train Defendant Stazzone in the proper administration of his duties.

35. Trooper Butler then advised Plaintiff that he would do her a "favor" and see get her car released from the impound lot without fees.

36. Approximately thirty minutes later, Trooper Butler walked Plaintiff to her car and apologized for Trooper Stazzone.

37. At no time during the events described above, was Plaintiff incapacitated, a threat to the safety of herself or others, disorderly or in the commission of a criminal offense.

38. Defendant Stazzone had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff, and no legal cause or excuse to seize the person or property of the Plaintiff.

39. As a direct and proximate result of the said acts of Defendant Stazzone, Plaintiff has suffered violations of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person, loss of her physical liberty, and physical and emotional suffering.

40. The actions of Defendants deprived Plaintiff of her rights not only under the United States Constitution but also under the State of New Jersey Constitution, Article I, Paragraph 7.

41. Defendant Stazzone was, at all times herein, acting under the color of law.

42. As a result of defendants' conduct, plaintiff has been caused to suffer physical harm, humiliation and upset.

43. The actions taken against Plaintiff were undertaken with a willful and wanton disregard for her rights such that punitive damages are warranted.

### COUNT I

### 42 U.S.C. 1983 – State of New Jersey

44. Plaintiff hereby repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Stazzone, plaintiff has been deprived her constitutional privileges such that defendants are liable.


WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### New Jersey Civil Rights Act – State of New Jersey

46. Plaintiff hereby repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Stazzone, plaintiff has been deprived her civil rights such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### 42 U.S.C. 1983 – New Jersey State Police

48. Plaintiff hereby repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49. For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Stazzone, plaintiff has been deprived her constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### New Jersey Civil Rights Act – New Jersey State Police

50.  Plaintiff hereby repeats and realleges paragraphs 1 through 49 as though fully set forth herein.

51.  For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Stazzone, plaintiff has been deprived her civil rights such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT V

### 42 U.S.C. 1983 – Stazzone

52.  Plaintiff hereby repeats and realleges paragraphs 1 through 51 as though fully set forth herein.

53.  For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VI

### New Jersey Civil Rights Act – Stazzone

54. Plaintiff hereby repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

55. For the reasons set forth above, plaintiff has been deprived her civil rights such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**

By: /s/ Kevin M. Costello
Kevin M. Costello
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
kcostello@costellomains.com

Attorneys for Plaintiffs

Dated:

### DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, P.C.**

By: /s/ Kevin M. Costello
Kevin M. Costello

8