ROBERT LOUGY
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
*Attorney for Defendants State of New Jersey, New Jersey State Police, and Trooper Matthew Stazzone*

By:   Kevin J. Dronson
      Deputy Attorney General
      (609)633-8687
      Kevin.dronson@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | |
|---|---|
| REBECCA MUSARRA,<br>        Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.<br>        Defendants. | Civil Action No. 16-cv-00485 (MAS-DEA)<br><br>**DEFENDANT, TROOPER MATTHEW STAZZONE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

TO:   CLERK OF THE COURT
      Clarkson S. Fisher Building
      United States Courthouse
      402 East State Street, Room 2020
      Trenton, NJ 08608

      Kevin M. Costello, Esq.
      Daniel T. Silverman, Esq.
      **Costello & Mains, P.C.**
      18000 Horizon Way
      Suite 800
      Mount Laurel, New Jersey 08054

Defendant Matthew Stazzone (hereinafter "Answering Defendant"), by and through counsel, Robert Lougy, Acting Attorney General of New Jersey, and Deputy Attorney General Kevin J. Dronson, hereby answers Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

1. This paragraph contains legal conclusions and does not require a response. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

**JURISDICTION AND VENUE**

2. This paragraph contains legal conclusions, not allegations of operative fact; therefore, no response is required. Admitted only that jurisdiction is proper.

3. This paragraph contains legal conclusions, not allegations of operative fact; therefore, no response is required. Admitted only that venue is proper.

**IDENTIFICATION OF PARTIES**

4. Admitted upon information and belief.

5. This paragraph contains legal conclusions and does not require a response. Admitted only that the State of New Jersey is a public entity.

6. This paragraph contains legal conclusions and does not require a response. Admitted only that the New Jersey State Police is a public entity charged with law enforcement in the state of New Jersey.

7. Admitted that Trooper Stazzone was a sworn Trooper with the New Jersey State Police at all relevant times.

8. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

## GENERAL ALLEGATIONS

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

12. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

13. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

14. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

15. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

16. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

17. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

18. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

19. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

20. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

21. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

22. Admitted upon information and belief.

23. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

24. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

25. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

26. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

27. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

28. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

29. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

30. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

31. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

32. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

33. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

34. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

35. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

36. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

37. This paragraph contains legal conclusions and does not require a response. To the extent that this paragraph

alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

38. This paragraph contains legal conclusions and does not require a response. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

39. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

40. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

41. This paragraph contains legal conclusions and does not require a response. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

42. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in

this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

43. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

**COUNT I**
**42 U.S.C. § 1983 – State of New Jersey**

44. Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

45. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

**COUNT II**
**New Jersey Civil Rights Act – State of New Jersey**

46. Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

47. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

**COUNT III**
**42 U.S.C. § 1983 – New Jersey State Police**

48. Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

49. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

**COUNT IV**
**New Jersey Civil Rights Act – New Jersey State Police**

50. Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

51. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

**COUNT V**
**42 U.S.C. § 1983 – Stazzone**

52. Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

53. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

**COUNT VI**
**New Jersey Civil Rights Act – Stazzone**

54. Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

55. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

WHEREFORE, Answering Defendant denies that Plaintiff is entitled to the relief she seeks and demands judgment dismissing Plaintiff's Complaint with prejudice, together with an award of attorney's fees and costs of suit to Answering Defendant. Answering Defendant denies Plaintiff's entitlement to a judgment for damages: compensatory, punitive, cost of suit, attorney's fees or any other relief.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, Answering Defendant has acted in good faith and without fraud or malice.

SECOND AFFIRMATIVE DEFENSE

Answering Defendant has not deprived Plaintiff of any right, privilege or immunity secured to him by the New Jersey or

United States Constitutions or any Act of Congress or the Legislature of New Jersey.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant has not deprived Plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the State of New Jersey.

### FOURTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim against Answering Defendant upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from suit.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant is an employee of an agency of the State of New Jersey and at all relevant times was performing act within the scope of their official duties in good faith without fraud or malice, and is immune from liability sought to be imposed upon them based on the doctrine of qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The theory of Respondeat Superior cannot be utilized in § 1983 actions.

### EIGHTH AFFIRMATIVE DEFENSE

This suit is barred by the Eleventh Amendment.

### NINTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrine of <u>res judicata</u> and/or collateral estoppel.

TENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant is not guilty of negligence and violated no duty to Plaintiff.

TWELFTH AFFIRMATIVE DEFENSE

The action is so lacking in fact-based merit as to warrant dismissal with prejudice.

THIRTEENTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of the Answering Defendant is not the proximate cause of any injuries which may have been sustained by Plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the Plaintiff's own actions and/or inactions.

FIFTEENTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the Plaintiff were the result of the actions of persons and/or entities over whom the Answering Defendant had no control.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to interpose each and every such separate defense that continuing investigation and discovery may indicate.

### SEVENTEENTH AFFIRMATIVE DEFENSE

State agencies or individual state employees acting in their official capacities are not persons capable of being sued within the meaning of 42 U.S.C. § 1983.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendant did not violate any duty to Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

Insofar as claims asserted against the Answering Defendant allege tortious acts, they are governed by and subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. Failure to file a notice of claim pursuant to, N.J.S.A. 59:8-1 precludes plaintiff from asserting those claims.

### TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant is not liable for acts taken in good faith in the enforcement of any law pursuant to N.J.S.A. 59:3-3.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant is not liable for injuries resulting from discretionary activities pursuant to N.J.S.A. 59:2-3.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant is not liable for the adoption of or failure to adopt any law or by the failure to enforce any law pursuant to the provisions of N.J.S.A. 59-3-5.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendant pursuant to N.J.S.A. 59:1-1, et seq. is subject to reduction by the limitations of proportionate liability set forth in N.J.S.A. 59:9-3.1.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendant pursuant to N.J.S.A. 59:1-1, et seq. is subject to reduction by the comparative negligence provisions set forth in N.J.S.A. 59:9-4.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any recovery to which Plaintiff may be entitled against Answering Defendant pursuant to N.J.S.A. 59:1-1, et seq. is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

### TWENTY-SIX AFFIRMATIVE DEFENSE

Answering Defendant is subject to the immunities and the defenses provided by N.J.S.A. 59:2-1.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any actions taken by Answering Defendant were in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2,

and accordingly, no liability may be imposed upon Answering Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed since Answering Defendant committed no violation of public policy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendant is not guilty of any negligence, wrongdoing, breach of duty or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

### THIRTIETH AFFIRMATIVE DEFENSE

Any injuries and damages were caused by and arose out of risks of which Plaintiff had full knowledge and which Plaintiff assumed.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant owed no legal duty to the Plaintiff.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant breached no duty owed to the Plaintiff.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendant performed each and every duty, if any, owed to the Plaintiff.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Any action or inaction on the part of Answering Defendant was a result of the exercise of judgment or discretion vested in Answering Defendant within the meaning of the applicable law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendant acted in good faith without malicious intent in carrying out all duties.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not pled and cannot establish a viable claim of constitutional deprivation due to a policy, practice or custom of constitutional violations.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded against Answering Defendant under both common law and statute.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

There is no basis in law or fact for the award of damages under the tort of emotional distress.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of economic damages against Answering Defendant.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of interest against Answering Defendant.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

## FORTY-SECOND AFFIRMATIVE DEFENSE

None of Plaintiff's statutory, constitutional or common law rights were violated.

## RESERVATION OF RIGHTS

Answering Defendant reserves the right, at or before trial, to move to dismiss the Complaint and/or move for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or Defendant is entitled to judgment as a matter of law.

## JURY DEMAND

Answering Defendant demands a trial by jury for all issues of fact.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Vincent J. Rizzo, Jr., Deputy Attorney General, is hereby designated as trial counsel.

## CERTIFICATION OF SERVICE

I, Kevin J. Dronson, hereby certify that Defendant Trooper Matthew Stazzone's Answer and Affirmative Defenses to Plaintiff's Complaint was filed with the Clerk of this Court and that copies will be served upon all attorneys of record via electronic filing.

Respectfully submitted,

ROBERT LOUGY
ACTING ATTORNEY GENERAL OF NEW JERSEY


By: /S/ Kevin J. Dronson
    Kevin J. Dronson

Case 3:16-cv-00485-MAS-DEA   Document 8   Filed 04/29/16   Page 20 of 20 PageID: 39