ROBERT LOUGY
Acting Attorney General of New Jersey
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
     Attorney for Defendants State of New Jersey, New Jersey
     State Police, and Trooper Matthew Stazzone

By:  Kevin Dronson
     Deputy Attorney General
     (609)633-8687
     Kevin.dronson@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | | |
|---|---|---|
| REBECCA MUSARRA, | : | HON. MICHAEL A. SHIPP, U.S.D.J. |
| | : | |
| Plaintiff, | : | Civ. Action No.  16-cv-00485 |
| v. | : | (MAS-DEA) |
| STATE OF NEW JERSEY, et al. | : | **THE STATE OF NEW JERSEY AND NEW JERSEY STATE POLICE'S** |
| Defendants. | : | **MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO** |
| | : | **DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO** <u>**FED. R. CIV. P.**</u> **12(b)(6)** |

<u>**INTRODUCTION**</u>

    This matter arises out of Plaintiff, Rebecca Musarra's (hereinafter "Plaintiff") October 16, 2015 arrest and temporary detainment following a motor vehicle stop effectuated by Defendant Trooper Matthew Stazzone. Plaintiff has brought this action

pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, alleging that the subject arrest was made without probable cause or legal basis, and that she suffered violations of her rights under the Eighth and Fourteenth Amendments to the United States Constitution, as well as violations of the protections afforded by the New Jersey Constitution. In addition to Defendant Trooper Stazzone, Plaintiff is asserting claims against the State of New Jersey and the New Jersey State Police for failure to train.

Defendants, the State of New Jersey and the New Jersey State Police (hereinafter "Moving Defendants") now move pursuant to Fed.R.Civ.P. 12(b)(6) for the dismissal of Plaintiff's claims against them, as said entities are not "persons" subject to suit, and are additionally entitled to immunity under the Eleventh Amendment to the United States Constitution.

## PROCEDURAL AND FACTUAL BACKGROUND

According to Plaintiff's Complaint, at approximately 9:30 p.m. on October 16, 2015, Plaintiff was traveling in her vehicle on County Road 519N in Warren County, New Jersey, when she was stopped by Defendant Trooper Stazzone. Pl.'s Comp., ¶¶ 9-10. Plaintiff contends that while attempting to retrieve her vehicle insurance information from her phone, she failed to verbally respond to several questions asked by Trooper Stazzone. Id. at ¶¶ 12-13. Subsequently, Trooper Stazzone indicated to Plaintiff that she would be arrested if she continued to fail to respond. Id. at ¶ 18. Upon being asked by Trooper Stazzone as to why she was not

answering his questions, Plaintiff stated that she was an attorney and that she had the right to not respond. Id. at ¶¶ 19-20. Plaintiff alleges that Trooper Stazzone subsequently ordered her out of the vehicle, placed her under arrest, and transported to the local station. Id. at ¶¶ 21-22.

Upon arriving at the police barracks, Plaintiff was subjected to a second pat-down search, forced to remove her blazer and shoes, and placed in a holding cell, where she was handcuffed to a bench. Id. at ¶¶ 23-24. While in the cell, Plaintiff rebuffed additional attempts at questioning by both Trooper Stazzone and an additional unnamed Trooper. Id. at ¶¶ 25-26. Plaintiff contends that during this time, her request to make a telephone call was refused, and that the unnamed Trooper indicated that he would phone Plaintiff's parents, but failed to do so. Id. at ¶¶ 27-28.

Thereafter, a Trooper Butler entered the cell and inquired as to the basis of Plaintiff's arrest. Plaintiff advised Trooper Butler that she had been detained as a result of her failure to answer Trooper Stazzone's questions. Id. at ¶¶ 29-30. Plaintiff further informed Trooper Butler that refusal to answer questions did not constitute obstruction under either federal or state law. Id. at ¶ 31. Trooper Butler subsequently returned to the cell and informed Plaintiff that he had reviewed the dashboard camera video for the subject stop, and that she would be released. Plaintiff alleges that Trooper Butler stated that Trooper Stazzone was a "rookie", and that the barracks would "mark it up to training." Id.

at ¶¶ 32-34. Trooper Butler then advised Plaintiff that he would have her vehicle released from the impound lot without fees. Id. at ¶ 35. Approximately 30 minutes later, Trooper Butler walked Plaintiff to her vehicle and apologized for the actions of Trooper Stazzone. Id. at ¶ 36.

On January 28, 2016, Plaintiff initiated the instant action in the United States District Court for the District of New Jersey. On April 22, 2016, Defendants filed waivers of service with this Court. Defendants, the State of New Jersey and the New Jersey State Police now seek dismissal of Plaintiff's claims against them.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Under Iqbal/Twombly, district courts should conduct a two-part analysis when confronted with a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the court should separate the factual and legal elements of the claim. Id. The court must accept as true all of the complaint's well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. See id. The court may, however, "disregard any legal conclusions." Id.

Second, the court must determine whether the facts alleged in the complaint are "sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). "A complaint has to show such an entitlement with its facts." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1950 (internal quotations omitted). In addition to the facts alleged in the complaint, the court may consider any attached exhibits, matters of public record, and any indisputably authentic documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**ARGUMENT**

**POINT I**

**PLAINTIFF'S FEDERAL CLAIMS AGAINST THE STATE OF NEW JERSEY AND THE NEW JERSEY STATE POLICE UNDER 42 U.S.C. § 1983 MUST BE DISMISSED BECAUSE SAID ENTITIES ARE NOT "PERSONS" AMENABLE TO SUIT, AND ARE AFFORDED IMMUNITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

**A. The State of New Jersey and the New Jersey State Police Are Not "Persons" Amenable to Suit Under 42 U.S.C. § 1983 and Therefore Must Be Dismissed from the Complaint.**

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

> person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

To face liability under § 1983, a defendant must meet the statute's definition of a "person." The United States Supreme Court has held that neither a State, nor an arm of the State, nor an official of the State acting in his or her official capacity, meet that definition. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see Bernstein v. State, 411 N.J. Super. 316, 336 (App. Div. 2010). As the Court found, although State officials "literally are persons," an official-capacity claim "is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." Will, supra, 491 U.S. at 58. The Court also recognized that Congress, in enacting § 1983, did not intend to override well-established common law immunities or defenses, namely that of a State not to be sued without its consent. See ibid.

Here, the State of New Jersey and the New Jersey State Police are not "persons" amenable to suit under § 1983, and they have not consented to Plaintiff's suit for damages. Therefore, Plaintiff's claims brought against the State and the New Jersey State Police pursuant to § 1983 must be dismissed with prejudice.

**B. Plaintiff's Federal Claims Against the State of Jersey and the New Jersey State Police Are Barred by the Eleventh Amendment.**

It is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state. Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978); Meyer v. New Jersey, 46 F.2d 1252 (3rd Cir. 1972). The prohibition against naming a state or a state agency as a party derives from the Eleventh Amendment, which provides:

> the judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state.

> [U.S. Const., Amend. XI.]

The amendment precludes federal jurisdiction over a state absent the state's consent to suit. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 99 (1984).

The immunity from suit extends to "agencies or Departments" of the state as well. Id. at 101-102; Alabama, supra, 438 U.S. at 781. The state is considered the real party in interest in two circumstances -- whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" College Savings Bank v. United States of America, 948 F. Supp. 400, 409 (D.N.J. 1996) (quoting Pennhurst, supra, 465 U.S. at 101 n. 11). A state's sovereign immunity can be invoked even where the

suit is against a state agency, official or employee.  Brady v. Michelin Reifenwerke, 613 F. Supp. 1076, 1080 (D. Miss. 1985).

The Eleventh Amendment prohibition of lawsuits for damages against the State in federal court also applies when a state official is sued for damages in his or her official capacity. Kentucky v. Graham, 473 U.S. 159 (1985); McClary v. O'Hare, 786 F.2d 83 (2d Cir. 1986); Miller v. Rutgers, 619 F. Supp. 1386 (D.N.J. 1985).  While prospective relief may be sought against state officials acting in their official capacity, a monetary award indistinguishable from one against the state itself is prohibited by the Eleventh Amendment even when a suit is filed against nominal state officials.  Miller, supra, 619 F. Supp. at 1392-93.

In this case, the State of New Jersey and the New Jersey State Police have not consented to suit in District Court.  Therefore, Plaintiff's federal claims against Moving Defendants must be dismissed in accordance with their entitlement to Eleventh Amendment immunity from suit.

## POINT II

**PLAINTIFF'S STATE CIVIL RIGHTS CLAIMS AGAINST THE STATE OF NEW JERSEY AND THE NEW JERSEY STATE POLICE UNDER NJCRA, N.J.S.A. 10:6-2 MUST BE DISMISSED BECAUSE THE STATE OF NEW JERSEY AND THE NEW JERSEY STATE POLICE ARE NOT "PERSONS" AMENABLE TO SUIT UNDER THE NJCRA**

Plaintiff's claims against Moving Defendants pursuant to the NJCRA count must be dismissed because neither the State of New Jersey nor the New Jersey State Police are "persons" under the

NJCRA, <u>N.J.S.A.</u> 10:6-1 <u>et seq.</u> As a corollary, they are not amenable to suit thereunder.

The New Jersey Civil Rights Act (NJCRA), as an analog to 42 <u>U.S.C.</u> § 1983, provides a private cause of action for civil rights violations protected by the New Jersey Constitution. <u>Trafton v. City of Woodbury</u>, 799 <u>F. Supp.</u> 2d 417, 443 (D.N.J. 2011) citing <u>Slinger v. New Jersey</u>, No. 07-5561, 2008 <u>U.S. Dist.</u> LEXIS 71723, *5-6 (D.N.J. Sept. 4, 2008), <u>rev'd on other grounds</u> 366 <u>F. App'x</u> 357 (3d Cir. 2010). In pertinent part, the NJCRA creates a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

<u>N.J.S.A.</u> 10:6-29(c).

Both state and federal courts apply §1983 jurisprudence to NJCRA claims and hold that the NJCRA does not create causes of action against the state or its agencies. Numerous state Appellate Division panels have expressly held this to be true. For example, in <u>Brown v. State</u>, 442 <u>N.J. Super.</u> 406, 426 (App. Div. 2015), the court stated that "because the State is not a 'person' under the

Civil Rights Act, it is equally immune from suits for damages as it is for suits seeking injunctions and other equitable relief."

Likewise, numerous federal courts in this district have held that the state cannot be sued under the NJCRA. <u>Zimmer v. N.J. Div. of Child Prot. & Permanency</u>, No. 15-2524, 2016 <u>U.S. Dist.</u> LEXIS 6410, *20 n. 4 (D.N.J. January 20, 2016) ("[B]ecause the NJCRA was modeled after Section 1983, states and state agencies should not be considered "persons" under the NJCRA, and therefore cannot be liable under this statute.") (See Ex. A); <u>Didiano v. Balicki</u>, No. 10-4483, 2011 <u>U.S. Dist.</u> LEXIS 41785, *20-23 (D.N.J. April 18, 2011) (holding that "neither § 1983 nor NJCRA provide a remedy for alleged constitutional violations committed by the State of New Jersey"), <u>aff'd by</u> 488 <u>F. App'x</u> 634 (3d Cir. N.J. July 17, 2012) (See Ex. B); <u>Chapman v. State of New Jersey</u>, No. 08-4130, 2009 <u>U.S. Dist.</u> LEXIS 75720, *3 (D.N.J. Aug. 25, 2009) (stating a claim asserted against a New Jersey state agency under NJCRA "is impermissible"). (See Attached as Ex. C).

Accordingly, since neither the state, its agencies, nor its employees acting in their official capacities are considered "persons" amenable to suit under the NJCRA, Plaintiff's claims set forth thereunder against the State of New Jersey and the New Jersey State Police must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the State of New Jersey and the New Jersey State Police's Motion to Dismiss Plaintiff's complaint.


Respectfully submitted,


ROBERT LOUGY
ACTING ATTORNEY GENERAL OF NEW JERSEY
Attorney for State Defendants

By:  s/Kevin J. Dronson
Kevin J. Dronson
Deputy Attorney General


Dated: April 29, 2016