**COSTELLO & MAINS, LLC**
By:  Daniel T. Silverman
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| REBECCA MUSARRA,<br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEW JERSEY; NEW JERSEY<br>STATE POLICE; STATE TROOPER<br>MATTHEW STAZZONE (BADGE NO.<br>7698) and JOHN DOES 1-5 AND 6-10,<br><br>        Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION<br><br>DOCKET NO: 3:16-cv-00485<br><br>**NOTICE OF MOTION FOR LEAVE<br>TO FILE A FIRST AMENDED<br>COMPLAINT** |

Through her undersigned counsel, Plaintiff Rebecca Musarra, hereby moves for an Order

granting Plaintiff leave to file a First Amended Complaint.

**COSTELLO & MAINS, LLC**


By:  _/s/Daniel T. Silverman_____
        Daniel T. Silverman


Dated: 9/14/16

**COSTELLO & MAINS, LLC**
By:  Daniel T. Silverman
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| REBECCA MUSARRA,<br>　　　　　Plaintiff, | : <br> : <br> : <br> : | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| vs. | : <br> : <br> : | CIVIL ACTION |
| STATE OF NEW JERSEY; NEW JERSEY<br>STATE POLICE; STATE TROOPER<br>MATTHEW STAZZONE (BADGE NO.<br>7698) and JOHN DOES 1-5 AND 6-10,<br><br>　　　　　Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | DOCKET NO: 3:16-cv-00485<br><br>**CERTIFICATION OF COUNSEL** |

I, Daniel T. Silverman, being of due age, hereby certify and affirm as follows:

1.　　　I am an attorney licensed to practice law in the State of New Jersey and am a member with the law firm of Costello & Mains, LLC, attorneys for the Plaintiff. As such, I am fully familiar with the facts stated herein.

2.　　　The Complaint in this matter was filed on January 28, 2016.  A copy of the filed Complaint is attached hereto as Exhibit "A."

3.　　　On April 29, 2016, Defendant Stazzone filed an Answer.  A copy of Defendant Stazzone's Answer is attached hereto as Exhibit "B."

4.     On June 9, 2016, the parties filed a Stipulation of Dismissal as to the State of New Jersey and New Jersey State Police only.  A copy of the filed Stipulation is attached hereto as Exhibit "C."

5.     Plaintiff now seeks to file an Amended Complaint to clarify her claims against Defendant Stazzone and to name State Trooper Demetric Gosa as a Defendant.  A copy of the proposed First Amended Complaint is attached hereto as Exhibit "D."

6.     I have attempted to confer with defense counsel to determine whether or not they will stipulate to the filing of a First Amended Complaint, but have received no response.

7.     Accordingly, for the reasons set forth within Plaintiff's brief and in the interest of justice, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave to file a First Amended Complaint.

I hereby certify that the foregoing statements by me are true and correct to the best of my knowledge, information and belief.  I am aware that if any of the forgoing statements are knowingly false, I am subject to punishment.

**COSTELLO & MAINS, LLC**

By: _/s/ Daniel T. Silverman_____
        Daniel T. Silverman

Dated: 9/14/16

**COSTELLO & MAINS, LLC**
By:  Daniel T. Silverman
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

---

| | | |
|---|---|---|
| REBECCA MUSARRA,<br>                  Plaintiff, | : <br> : <br> : <br> : | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| vs. | : <br> : <br> : | CIVIL ACTION |
| STATE OF NEW JERSEY; NEW JERSEY<br>STATE POLICE; STATE TROOPER<br>MATTHEW STAZZONE (BADGE NO.<br>7698) and JOHN DOES 1-5 AND 6-10,<br><br>                  Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | DOCKET NO: 3:16-cv-00485<br><br>**MEMORANDUM IN SUPPORT OF<br>MOTION FOR LEAVE TO FILE A<br>FIRST AMENDED COMPLAINT** |

---

Pursuant to F.R.C.P 15, Plaintiff Rebecca Musarra hereby moves before the Court for an Order granting Plaintiff leave to file a First Amended Complaint.

<u>Factual Background</u>

Plaintiff in this initial matter filed suit against State Trooper Stazzone, the State of New Jersey and the New Jersey State Police.  State Trooper Stazzone filed an Answer, and after motion practice, the parties stipulated to the dismissal of the State as well as the New Jersey State Police.  Plaintiff now seeks to file a First Amended Complaint clarifying her claims against State Trooper Stazzone and naming an additional trooper as an individual defendant in this matter.  Plaintiff has attempted to obtain the consent of defense counsel to file a First Amended

Complaint, but having received no response, this motion follows.   No Rule 16 conference has yet been conducted in this matter, no discovery has been undertaken, and all claims are well within the statute of limitations.

## Legal Argument

The Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2).  Leave to amend is to be freely granted unless there is reason for denial such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Here, where there has been no delay or other inappropriate conduct by the Plaintiff, and where there has been no litigation of the matter such that prejudice would exist, the motion for leave to file a first amended complaint should be granted.

Accordingly, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave to file a First Amended Complaint.  We thank the Court for its consideration in this matter.

By: _/s/ Daniel T. Silverman_____ _____
     Daniel T. Silverman

Dated: 9/14/16

**COSTELLO & MAINS, LLC**
By:  Daniel T. Silverman
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| REBECCA MUSARRA, <br> Plaintiff, | : <br> : <br> : <br> : | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY |
| vs. | : <br> : <br> : | CIVIL ACTION |
| STATE OF NEW JERSEY; NEW JERSEY STATE POLICE; STATE TROOPER MATTHEW STAZZONE (BADGE NO. 7698) and JOHN DOES 1-5 AND 6-10, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | DOCKET NO: 3:16-cv-00485 <br><br> **CERTIFICATION OF DANIEL T. SILVERMAN** |

I, Daniel T. Silverman, do hereby certify and affirm as follows:

1.     I am an attorney licensed to practice law in the State of New Jersey and am a member in the law firm of Costello & Mains, LLC, attorneys for Plaintiff.  As such, I am fully familiar with the facts stated herein.

2.     On this day, I caused the following documents to be filed electronically with the Court: (a) Plaintiff's Motion for Leave to File a First Amended Complaint; (b) Certification of

Counsel; (c) Memorandum in Support of Motion; (d) proposed form of Order; and (e) Certification of Service.

     3.    Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The parties may access this filing through the Court's system.

     I hereby certify the foregoing is true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

                                         By: */s/ Daniel T. Silverman*
                                           Daniel T. Silverman

Dated: 9/14/16

**COSTELLO & MAINS, LLC**
By:  Daniel T. Silverman
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| REBECCA MUSARRA,<br>                              Plaintiff, | : <br> : <br> : <br> : | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| vs. | : <br> : <br> : <br> : | CIVIL ACTION |
| STATE OF NEW JERSEY; NEW JERSEY<br>STATE POLICE; STATE TROOPER<br>MATTHEW STAZZONE (BADGE NO.<br>7698) and JOHN DOES 1-5 AND 6-10, | : <br> : <br> : <br> : | DOCKET NO: 3:16-cv-00485<br><br>**ORDER** |
| Defendants. | : <br> : <br> : <br> : <br> : |  |

Having considered this matter on the Plaintiff's Motion for Leave to File a First Amended

Complaint, it is hereby ordered as follows:

1.  Plaintiff's Motion for Leave to File a First Amended Complaint is **GRANTED.**

Date: _____                    _____

                                                                    ,U.S.D.J.

# EXHIBIT "A"

COSTELLO & MAINS, P.C.
By: Kevin M. Costello, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| REBECCA MUSARRA, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | DOCKET NO: |
| STATE OF NEW JERSEY; NEW JERSEY | : | |
| STATE POLICE; STATE TROOPER | : | **Electronically filed** |
| MATTHEW STAZZONE (BADGE NO. | : | |
| 7698) and JOHN DOES 1-5 AND 6-10, | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendants. | : | |

Plaintiff, Rebecca Musarra ("Plaintiff"), by way of Complaint against the defendants, says:

## Preliminary Statement

1.   This action is brought by plaintiff to remedy violations of her Constitutional Rights pursuant to 42 U.S.C. 1983. Pendent claims are also brought under the New Jersey Civil Rights Act.

## Jurisdiction and Venue

2.   Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Sec. 1331.

3.   Because Defendants are residents of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Identification of Parties

4.      Plaintiff Rebecca Musarra is an individual residing in Philadelphia, Pennsylvania.

5.      Defendant State of New Jersey is a public entity subject to suit under both federal and New Jersey state law.

6.      Defendant New Jersey State Police is a public entity charged with law enforcement in the State of New Jersey and subject to suit under both federal and New Jersey state law.

7.      Individual defendant State Trooper Matthew Stazzone (Badge No. 7698) is an adult individual who was, at all relevant times herein, employed as a State Trooper by the New Jersey State Police.

8.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

## General Allegations

9.      On or about October 16, 2015, Plaintiff was traveling in her vehicle on County Road 519N. in Warren County, New Jersey.

10.     At or about 9:30 p.m., Defendant Stazzone, in his capacity as a State Trooper, pulled over Plaintiff's vehicle.

11.     Defendant Stazzone requested plaintiff's license registration and insurance.

12.     Plaintiff provided her license and registration and went to obtain her insurance information which was on her cellular telephone.

13.     Defendant Stazzone proceeded to ask Plaintiff questions to which she did not respond as she was looking for her insurance information.

2

14. Defendant Stazzone walked away, presumably to return to his vehicle, and plaintiff was advised to "sit tight."

15. Defendant Stazzone then returned to Plaintiff's vehicle and rapped his flashlight against the driver's window three times.

16. Subsequent to this encounter Plaintiff observed a chip in her window at the location where Defendant Stazzone hit his flashlight.

17. Defendant Stazzone instructed Plaintiff to roll down her window.

18. He then stated, "If you don't answer my questions, I am going to arrest you."

19. When Plaintiff inquired if she had heard correctly that he was going to arrest the Plaintiff if she did not answer questions, Defendant Stazzone responded, "Why aren't you answering my questions? Yeah."

20. Plaintiff then stated that she was an attorney and had the right to not respond to questions

21. Defendant Stazzone then ordered Plaintiff to exit the vehicle and place her keys on top of the vehicle.

22. Defendant Stazzone then handcuffed the plaintiff, placed her under arrest and transported her to the local station.

23. Plaintiff was then patted down a second time, forced to remove her blazer and shoes, and placed in a holding cell.

24. In the holding cell, Plaintiff was handcuffed to a bench.

25. Defendant Stazzone then entered the holding cell and asked biographical questions of the Plaintiff, which Plaintiff refused to answer.

26.     Another State Trooper, name presently unknown, then entered and asked the same questions.

27.     Plaintiff requested a telephone call but was refused the same.

28.     The second Trooper indicated that he would make the call to plaintiff's parents for her, but he did not do so.

29.     Approximately thirty minutes later, the supervisor, Trooper Butler (Badge. No. 7621) entered the holding cell and asked what had happened.

30.     Plaintiff explained that she had been arrested for refusing to answer questions.

31.     Trooper Butler attempted to state that refusing to answer questions constitutes obstruction, but Plaintiff responded that it was not obstruction under both federal and state law.

32.     Trooper Butler later returned to the cell and advised that he had reviewed the dashboard camera video.

33.     Trooper Butler then stated that Defendant Stazzone was a "rookie" and that "we'll mark it up to training."

34.     This statement by Trooper Butler represents evidence that defendants failed to adequately train Defendant Stazzone in the proper administration of his duties.

35.     Trooper Butler then advised Plaintiff that he would do her a "favor" and see get her car released from the impound lot without fees.

36.     Approximately thirty minutes later, Trooper Butler walked Plaintiff to her car and apologized for Trooper Stazzone.

37.     At no time during the events described above, was Plaintiff incapacitated, a threat to the safety of herself or others, disorderly or in the commission of a criminal offense.

Case 3:16-cv-00485-MAS-DEA  Document 1  Filed 01/28/16  Page 5 of 8 PageID: 5

38.    Defendant Stazzone had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff, and no legal cause or excuse to seize the person or property of the Plaintiff.

39.    As a direct and proximate result of the said acts of Defendant Stazzone, Plaintiff has suffered violations of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person, loss of her physical liberty, and physical and emotional suffering.

40.    The actions of Defendants deprived Plaintiff of her rights not only under the United States Constitution but also under the State of New Jersey Constitution, Article I, Paragraph 7.

41.    Defendant Stazzone was, at all times herein, acting under the color of law.

42.    As a result of defendants' conduct, plaintiff has been caused to suffer physical harm, humiliation and upset.

43.    The actions taken against Plaintiff were undertaken with a willful and wanton disregard for her rights such that punitive damages are warranted.

## COUNT I

### 42 U.S.C. 1983 – State of New Jersey

44.    Plaintiff hereby repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45.    For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Stazzone, plaintiff has been deprived her constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### New Jersey Civil Rights Act – State of New Jersey

46.    Plaintiff hereby repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47.    For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Stazzone, plaintiff has been deprived her civil rights such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### 42 U.S.C. 1983 – New Jersey State Police

48.    Plaintiff hereby repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49.    For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Stazzone, plaintiff has been deprived her constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### New Jersey Civil Rights Act – New Jersey State Police

50.      Plaintiff hereby repeats and realleges paragraphs 1 through 49 as though fully set forth herein.

51.      For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Stazzone, plaintiff has been deprived her civil rights such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT V

### 42 U.S.C. 1983 – Stazzone

52.      Plaintiff hereby repeats and realleges paragraphs 1 through 51 as though fully set forth herein.

53.      For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VI

### New Jersey Civil Rights Act – Stazzone

54.    Plaintiff hereby repeats and realleges paragraphs 1 through 53 as though fully set

forth herein.

55.    For the reasons set forth above, plaintiff has been deprived her civil rights such

that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and

in the alternative, together with compensatory damages, punitive damages, interest, cost of suit,

attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

Respectfully submitted,

COSTELLO & MAINS, P.C.

By:   /s/ Kevin M. Costello
        Kevin M. Costello
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
kcostello@costellomains.com

Attorneys for Plaintiffs

Dated:

### DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule

38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned

action.

COSTELLO & MAINS, P.C.

By:   /s/ Kevin M. Costello
        Kevin M. Costello

8

# EXHIBIT "B"

ROBERT LOUGY
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
*Attorney for Defendants State of New Jersey, New Jersey State*
*Police, and Trooper Matthew Stazzone*

By:  Kevin J. Dronson
     Deputy Attorney General
     (609) 633-8687
     Kevin.dronson@dol.lps.state.nj.us

                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
                       VICINAGE OF TRENTON

---

| | |
|---|---|
| REBECCA MUSARRA,<br>          Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.<br>          Defendants. | Civil Action No. 16-cv-00485<br>(MAS-DEA)<br><br>**DEFENDANT, TROOPER MATTHEW**<br>**STAZZONE'S ANSWER AND**<br>**AFFIRMATIVE DEFENSES TO**<br>**PLAINTIFF'S COMPLAINT** |

TO:  CLERK OF THE COURT
     Clarkson S. Fisher Building
     United States Courthouse
     402 East State Street, Room 2020
     Trenton, NJ 08608

     Kevin M. Costello, Esq.
     Daniel T. Silverman, Esq.
     **Costello & Mains, P.C.**
     18000 Horizon Way
     Suite 800
     Mount Laurel, New Jersey 08054

Defendant Matthew Stazzone (hereinafter "Answering Defendant"), by and through counsel, Robert Lougy, Acting Attorney General of New Jersey, and Deputy Attorney General Kevin J. Dronson, hereby answers Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

1.  This paragraph contains legal conclusions and does not require a response. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

### JURISDICTION AND VENUE

2.  This paragraph contains legal conclusions, not allegations of operative fact; therefore, no response is required. Admitted only that jurisdiction is proper.

3.  This paragraph contains legal conclusions, not allegations of operative fact; therefore, no response is required. Admitted only that venue is proper.

### IDENTIFICATION OF PARTIES

4.  Admitted upon information and belief.

5.  This paragraph contains legal conclusions and does not require a response. Admitted only that the State of New Jersey is a public entity.

6.   This paragraph contains legal conclusions and does not
      require a response. Admitted only that the New Jersey State
      Police is a public entity charged with law enforcement in
      the state of New Jersey.

7.   Admitted that Trooper Stazzone was a sworn Trooper with the
      New Jersey State Police at all relevant times.

8.   Answering Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations, and Plaintiff is left to her proofs.

### GENERAL ALLEGATIONS

9.   Admitted upon information and belief.

10.  Admitted upon information and belief.

11.  Answering Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations, and Plaintiff is left to her proofs.

12.  Answering Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations, and Plaintiff is left to her proofs.

13.  Answering Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations, and Plaintiff is left to her proofs.

14.  Answering Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations, and Plaintiff is left to her proofs.

15. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

16. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

17. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

18. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

19. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

20. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

21. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

22. Admitted upon information and belief.

23. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

24. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

25. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

26. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

27. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

28. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

29. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

30. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

31.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

32.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

33.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

34.   This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

35.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

36.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiff is left to her proofs.

37.   This paragraph contains legal conclusions and does not require a response. To the extent that this paragraph

alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

38. This paragraph contains legal conclusions and does not require a response. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

39. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

40. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

41. This paragraph contains legal conclusions and does not require a response. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

42. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in

this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

43.   This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

**COUNT I**
**42 U.S.C. § 1983 — State of New Jersey**

44.   Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

45.   This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

## COUNT II
### New Jersey Civil Rights Act — State of New Jersey

46.  Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

47.  This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

## COUNT III
### 42 U.S.C. § 1983 — New Jersey State Police

48.  Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

49.  This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

## COUNT IV
### New Jersey Civil Rights Act — New Jersey State Police

50. Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

51. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

## COUNT V
### 42 U.S.C. § 1983 — Stazzone

52. Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

53. This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

## COUNT VI
### New Jersey Civil Rights Act — Stazzone

54.   Answering Defendant repeats and reasserts his responses to the proceeding paragraphs as if they were fully set forth herein.

55.   This paragraph contains legal conclusions and does not require a response. To the extent that the allegations in this paragraph are deemed to be factual, they are denied. To the extent that this paragraph alleges that Answering Defendant committed violations of Plaintiff's rights, it is denied.

WHEREFORE, Answering Defendant denies that Plaintiff is entitled to the relief she seeks and demands judgment dismissing Plaintiff's Complaint with prejudice, together with an award of attorney's fees and costs of suit to Answering Defendant. Answering Defendant denies Plaintiff's entitlement to a judgment for damages: compensatory, punitive, cost of suit, attorney's fees or any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, Answering Defendant has acted in good faith and without fraud or malice.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant has not deprived Plaintiff of any right, privilege or immunity secured to him by the New Jersey or

United States Constitutions or any Act of Congress or the Legislature of New Jersey.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant has not deprived Plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the State of New Jersey.

### FOURTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim against Answering Defendant upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from suit.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant is an employee of an agency of the State of New Jersey and at all relevant times was performing act within the scope of their official duties in good faith without fraud or malice, and is immune from liability sought to be imposed upon them based on the doctrine of qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The theory of Respondeat Superior cannot be utilized in § 1983 actions.

### EIGHTH AFFIRMATIVE DEFENSE

This suit is barred by the Eleventh Amendment.

### NINTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrine of res judicata and/or collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant is not guilty of negligence and violated no duty to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

The action is so lacking in fact-based merit as to warrant dismissal with prejudice.

### THIRTEENTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of the Answering Defendant is not the proximate cause of any injuries which may have been sustained by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the Plaintiff's own actions and/or inactions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the Plaintiff were the result of the actions of persons and/or entities over whom the Answering Defendant had no control.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to interpose each and every such separate defense that continuing investigation and discovery may indicate.

### SEVENTEENTH AFFIRMATIVE DEFENSE

State agencies or individual state employees acting in their official capacities are not persons capable of being sued within the meaning of 42 U.S.C. § 1983.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendant did not violate any duty to Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

Insofar as claims asserted against the Answering Defendant allege tortious acts, they are governed by and subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. Failure to file a notice of claim pursuant to, N.J.S.A. 59:8-1 precludes plaintiff from asserting those claims.

### TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant is not liable for acts taken in good faith in the enforcement of any law pursuant to N.J.S.A. 59:3-3.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant is not liable for injuries resulting from discretionary activities pursuant to N.J.S.A. 59:2-3.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant is not liable for the adoption of or failure to adopt any law or by the failure to enforce any law pursuant to the provisions of N.J.S.A. 59-3-5.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendant pursuant to N.J.S.A. 59:1-1, et seq. is subject to reduction by the limitations of proportionate liability set forth in N.J.S.A. 59:9-3.1.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendant pursuant to N.J.S.A. 59:1-1, et seq. is subject to reduction by the comparative negligence provisions set forth in N.J.S.A. 59:9-4.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any recovery to which Plaintiff may be entitled against Answering Defendant pursuant to N.J.S.A. 59:1-1, et seq. is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

### TWENTY-SIX AFFIRMATIVE DEFENSE

Answering Defendant is subject to the immunities and the defenses provided by N.J.S.A. 59:2-1.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any actions taken by Answering Defendant were in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2,

and accordingly, no liability may be imposed upon Answering Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed since Answering Defendant committed no violation of public policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendant is not guilty of any negligence, wrongdoing, breach of duty or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

## THIRTIETH AFFIRMATIVE DEFENSE

Any injuries and damages were caused by and arose out of risks of which Plaintiff had full knowledge and which Plaintiff assumed.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant owed no legal duty to the Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant breached no duty owed to the Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendant performed each and every duty, if any, owed to the Plaintiff.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Any action or inaction on the part of Answering Defendant was a result of the exercise of judgment or discretion vested in Answering Defendant within the meaning of the applicable law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendant acted in good faith without malicious intent in carrying out all duties.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not pled and cannot establish a viable claim of constitutional deprivation due to a policy, practice or custom of constitutional violations.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded against Answering Defendant under both common law and statute.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

There is no basis in law or fact for the award of damages under the tort of emotional distress.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of economic damages against Answering Defendant.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of interest against Answering Defendant.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

<u>FORTY-SECOND AFFIRMATIVE DEFENSE</u>

None of Plaintiff's statutory, constitutional or common law rights were violated.

**<u>RESERVATION OF RIGHTS</u>**

Answering Defendant reserves the right, at or before trial, to move to dismiss the Complaint and/or move for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or Defendant is entitled to judgment as a matter of law.

**<u>JURY DEMAND</u>**

Answering Defendant demands a trial by jury for all issues of fact.

**<u>DESIGNATION OF TRIAL COUNSEL</u>**

Please be advised that Vincent J. Rizzo, Jr., Deputy Attorney General, is hereby designated as trial counsel.

**<u>CERTIFICATION OF SERVICE</u>**

I, Kevin J. Dronson, hereby certify that Defendant Trooper Matthew Stazzone's Answer and Affirmative Defenses to Plaintiff's Complaint was filed with the Clerk of this Court and that copies will be served upon all attorneys of record via electronic filing.

Respectfully submitted,

ROBERT LOUGY
ACTING ATTORNEY GENERAL OF NEW JERSEY


By: /S/ Kevin J. Dronson
    Kevin J. Dronson

Case 3:16-cv-00485-MAS-DEA   Document 8   Filed 04/29/16   Page 20 of 20 PageID: 39

# EXHIBIT "C"

COSTELLO & MAINS, LLC
By: Daniel T. Silverman
18000 Horizon Way. Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REBECCA MUSARRA,<br><br>Plaintiff(s),<br><br>vs.<br><br>STATE OF NEW JERSEY; NEW JERSEY STATE POLICE; STATE TROOPER MATTHEW STAZZONE (BADGE NO. 7698) and JOHN DOES 1-5 AND 6-10, Defendant(s). | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION<br><br>DOCKET NO: 3:16-cv-00485-MAS-DEA<br><br>STIPULATION OF DISMISSAL AS TO DEFENDANTS STATE OF NEW JERSEY AND NEW JERSEY STATE POLICE ONLY |

It is hereby stipulated by and between Plaintiff and Defendants through their undersigned counsel that the claims against defendants State of New Jersey and New Jersey State Police are hereby dismissed without prejudice and without fees and costs to any party.  This stipulation of dismissal is only made as to those named defendants and does not relate to or impact claims made against any other party.

Daniel T. Silverman
Costello & Mains, LLC
Counsel for Plaintiff

Kevin Dronson
Deputy Attorney General
Counsel for Defendants

# EXHIBIT "D"

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| REBECCA MUSARRA, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| STATE TROOPER MATTHEW | : | DOCKET NO: 3:16-cv-00485-MAS-DEA |
| STAZZONE, in his | : | |
| official and personal capacities; | : | |
| STATE TROOPER DEMETRIC GOSA, | : | **FIRST AMENDED COMPLAINT** |
| in his official and personal capacities | : | **AND JURY DEMAND** |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff, Rebecca Musarra ("Plaintiff"), by way of Complaint against the defendants, says:

### Preliminary Statement

1.      This action is brought by plaintiff to remedy violations of her Constitutional Rights pursuant to 42 U.S.C. 1983.  Pendent claims are also brought under the New Jersey Civil Rights Act.

### Jurisdiction and Venue

2.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Sec. 1331.

3.      Because Defendants are residents of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

### Reason for Amendment

This Amendment is made to name State Trooper Gosa as a defendant in this matter and to clarify that the legal claims are being made against the individual defendants in both their official and personal capacities.

### Identification of Parties

4.    Plaintiff Rebecca Musarra is an individual residing in Philadelphia, Pennsylvania.

5.    Defendant State Trooper Matthew Stazzone is an individual who was, at all relevant times herein, employed in his official and personal capacities as a State Trooper by the New Jersey State Police.

6.    Defendant State Trooper Demetric Gosa, is an individual who was, at all relevant times herein, employed in his official and personal capacities as a State Trooper by the New Jersey State Police.

### General Allegations

7.    On or about October 16, 2015, Plaintiff was traveling in her vehicle on County Road 519N in Warren County, New Jersey.

8.    At or about 9:30 p.m., Defendants Stazzone and Gosa pulled over Plaintiff's vehicle.

9.    Defendant Stazzone requested plaintiff's license registration and insurance.

10.    Plaintiff provided her license and registration and went to obtain her insurance information which was on her cellular telephone.

11.    Defendant Stazzone proceeded to ask Plaintiff questions to which she did not respond as she was looking for her insurance information.

12. Defendant Stazzone walked away, presumably to return to his vehicle, and plaintiff was advised to "sit tight."

13. Defendant Stazzone then returned to Plaintiff's vehicle and rapped his flashlight against the driver's window three times.

14. Subsequent to this encounter Plaintiff observed a chip in her window at the location where Defendant Stazzone hit his flashlight.

15. Defendant Stazzone instructed Plaintiff to roll down her window.

16. He then stated, "If you don't answer my questions, I am going to arrest you."

17. When Plaintiff inquired if she had heard correctly that he was going to arrest the Plaintiff if she did not answer questions, Defendant Stazzone responded, "Why aren't you answering my questions?  Yeah."

18. Plaintiff then stated that she was an attorney and had the right to not respond to questions

19. Defendant Stazzone then ordered Plaintiff to exit the vehicle and place her keys on top of the vehicle.

20. Defendant Stazzone then handcuffed the plaintiff, placed her under arrest and transported her to the local station.

21. Defendant Gosa assisted defendant Stazzone in making the arrest by restraining the Plaintiff.

22. Plaintiff was then patted down a second time, forced to remove her blazer and shoes, and placed in a holding cell.

23. In the holding cell, Plaintiff was handcuffed to a bench.

24.     Defendant Stazzone then entered the holding cell and asked biographical questions of the Plaintiff, which Plaintiff refused to answer.

25.     Another State Trooper, name presently unknown, then entered and asked the same questions.

26.     Plaintiff requested a telephone call but was refused the same.

27.     The Trooper indicated that he would make the call to plaintiff's parents for her, but he did not do so.

28.     Approximately thirty minutes later, the supervisor, Trooper Butler (Badge. No. 7621) entered the holding cell and asked what had happened.

29.     Plaintiff explained that she had been arrested for refusing to answer questions.

30.     Trooper Butler attempted to state that refusing to answer questions constitutes obstruction, but Plaintiff responded that it was not obstruction under both federal and state law.

31.     Trooper Butler later returned to the cell and advised that he had reviewed the dashboard camera video.

32.     Trooper Butler then stated that Defendant Stazzone was a "rookie" and that they would "mark it up to training."

34.     Trooper Butler then advised Plaintiff that he would do her a "favor" and see get her car released from the impound lot without fees.

35.     Approximately thirty minutes later, Trooper Butler walked Plaintiff to her car and apologized for Trooper Stazzone.

36.     At no time during the events described above, was Plaintiff incapacitated, a threat to the safety of herself or others, disorderly or in the commission of a criminal offense.

37.     Defendants Stazzone and Gosa had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff, and no legal cause or excuse to seize the person or property of the Plaintiff.

38.     As a direct and proximate result of the said acts of Defendants Stazzone and Gosa, Plaintiff has suffered violations of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person, loss of her physical liberty, and physical and emotional suffering.

39.     The actions of Defendants deprived Plaintiff of her rights not only under the United States Constitution but also under the State of New Jersey Constitution, Article I, Paragraph 7.

40.     Defendants Stazzone and Gosa were, at all times herein, acting under the color of law.

41.     As a result of defendants' conduct, plaintiff has been caused to suffer physical harm, humiliation and upset.

42.     The actions taken against Plaintiff were undertaken with a willful and wanton disregard for her rights such that punitive damages are warranted.

## COUNT I

### 42 U.S.C. 1983 – State Trooper Matthew Stazzone in his Official Capacity

43.     Plaintiff hereby repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44.     For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

45.     The plaintiff prays that Trooper Stazzone be enjoined by the Court from violating the Constitutional rights and privileges of all persons in New Jersey.

46.     The Plaintiff prays that the Court require defendants Trooper Stazzone to submit to retraining regarding the observation of the Constitutional rights and privileges of all persons within the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, awarding such prospective and equitable relief, including costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### 42 U.S.C. 1983 – State Trooper Matthew Stazzone in his Personal Capacities

47.     Plaintiff hereby repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48.     For the reasons set forth above, plaintiff has been deprived of her Constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### New Jersey Civil Rights Act – State Trooper Matthew Stazzone in his Official Capacity

49.     Plaintiff hereby repeats and realleges paragraphs 1 through 48 as though fully set forth herein.

50.     For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

51.     The plaintiff prays that Trooper Stazzone be enjoined by the Court from violating the Constitutional rights and privileges of all persons in New Jersey.

52.     The Plaintiff prays that the Court require defendant Trooper Stazzone to submit to retraining regarding the observation of the Constitutional rights and privileges of all persons within the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, with such prospective and equitable relief, including costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### New Jersey Civil Rights Act – State Trooper Matthew Stazzone in his Personal Capacity

53.     Plaintiff hereby repeats and realleges paragraphs 1 through 52 as though fully set forth herein.

54.     For the reasons set forth above, plaintiff has been deprived of her Constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just

## COUNT V

### 42 U.S.C. 1983 – State Trooper Demetric Gosa in his Official Capacity

55.     Plaintiff hereby repeats and realleges paragraphs 1 through 54 as though fully set forth herein.

56.     For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

57.     The plaintiff prays that Trooper Gosa be enjoined by the Court from violating the Constitutional rights and privileges of all persons in New Jersey.

58.     The Plaintiff prays that the Court require defendants Trooper Gosa to submit to retraining regarding the observation of the Constitutional rights and privileges of all persons within the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, awarding such prospective and equitable relief, including costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VI

### 42 U.S.C. 1983 – State Trooper Demetric Gosa in his Personal Capacities


59.     Plaintiff hereby repeats and realleges paragraphs 1 through 58 as though fully set forth herein.

59.     For the reasons set forth above, plaintiff has been deprived of her Constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VII

### New Jersey Civil Rights Act – State Trooper Demetric Gosa in his Official Capacity

60.     Plaintiff hereby repeats and realleges paragraphs 1 through 59 as though fully set forth herein.

61.     For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

62.     The plaintiff prays that Trooper Gosa be enjoined by the Court from violating the Constitutional rights and privileges of all persons in New Jersey.

63.     The Plaintiff prays that the Court require defendant Trooper Gosa to submit to retraining regarding the observation of the Constitutional rights and privileges of all persons within the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, with such prospective and equitable relief, including costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VIII

### New Jersey Civil Rights Act – State Trooper Demetric Gosa in his Personal Capacity

64.     Plaintiff hereby repeats and realleges paragraphs 1 through 63 as though fully set forth herein.

65.    For the reasons set forth above, plaintiff has been deprived of her Constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

Respectfully submitted,

**COSTELLO & MAINS, LLC**

By:  ___/s/ Kevin M. Costello_____
     Kevin M. Costello
     18000 Horizon Way, Suite 800
     Mt. Laurel, New Jersey 08054
     856-727-9700
     kcostello@costellomains.com

Attorneys for Plaintiffs

Dated:

### DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By:  ___/s/ Kevin M. Costello_____
     Kevin M. Costello

10