**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

---

| | | |
|---|---|---|
| REBECCA MUSARRA, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| STATE TROOPER MATTHEW | : | DOCKET NO: 3:16-cv-00485-MAS-DEA |
| STAZZONE, in his | : | |
| official and personal capacities; | : | |
| STATE TROOPER DEMETRIC GOSA, | : | **FIRST AMENDED COMPLAINT** |
| in his official and personal capacities | : | **AND JURY DEMAND** |
| | : | |
| Defendants. | : | |
| | : | |

---

Plaintiff, Rebecca Musarra ("Plaintiff"), by way of Complaint against the defendants, says:

### Preliminary Statement

1. This action is brought by plaintiff to remedy violations of her Constitutional Rights pursuant to 42 U.S.C. 1983. Pendent claims are also brought under the New Jersey Civil Rights Act.

### Jurisdiction and Venue

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Sec. 1331.

3. Because Defendants are residents of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

1

## Reason for Amendment

This Amendment is made to name State Trooper Gosa as a defendant in this matter and to clarify that the legal claims are being made against the individual defendants in both their official and personal capacities.

## Identification of Parties

4. Plaintiff Rebecca Musarra is an individual residing in Philadelphia, Pennsylvania.

5. Defendant State Trooper Matthew Stazzone is an individual who was, at all relevant times herein, employed in his official and personal capacities as a State Trooper by the New Jersey State Police.

6. Defendant State Trooper Demetric Gosa, is an individual who was, at all relevant times herein, employed in his official and personal capacities as a State Trooper by the New Jersey State Police.

## General Allegations

7. On or about October 16, 2015, Plaintiff was traveling in her vehicle on County Road 519N in Warren County, New Jersey.

8. At or about 9:30 p.m., Defendants Stazzone and Gosa pulled over Plaintiff's vehicle.

9. Defendant Stazzone requested plaintiff's license registration and insurance.

10. Plaintiff provided her license and registration and went to obtain her insurance information which was on her cellular telephone.

11. Defendant Stazzone proceeded to ask Plaintiff questions to which she did not respond as she was looking for her insurance information.

12. Defendant Stazzone walked away, presumably to return to his vehicle, and plaintiff was advised to "sit tight."

13. Defendant Stazzone then returned to Plaintiff's vehicle and rapped his flashlight against the driver's window three times.

14. Subsequent to this encounter Plaintiff observed a chip in her window at the location where Defendant Stazzone hit his flashlight.

15. Defendant Stazzone instructed Plaintiff to roll down her window.

16. He then stated, "If you don't answer my questions, I am going to arrest you."

17. When Plaintiff inquired if she had heard correctly that he was going to arrest the Plaintiff if she did not answer questions, Defendant Stazzone responded, "Why aren't you answering my questions? Yeah."

18. Plaintiff then stated that she was an attorney and had the right to not respond to questions

19. Defendant Stazzone then ordered Plaintiff to exit the vehicle and place her keys on top of the vehicle.

20. Defendant Stazzone then handcuffed the plaintiff, placed her under arrest and transported her to the local station.

21. Defendant Gosa assisted defendant Stazzone in making the arrest by restraining the Plaintiff.

22. Plaintiff was then patted down a second time, forced to remove her blazer and shoes, and placed in a holding cell.

23. In the holding cell, Plaintiff was handcuffed to a bench.

24. Defendant Stazzone then entered the holding cell and asked biographical questions of the Plaintiff, which Plaintiff refused to answer.

25. Another State Trooper, name presently unknown, then entered and asked the same questions.

26. Plaintiff requested a telephone call but was refused the same.

27. The Trooper indicated that he would make the call to plaintiff's parents for her, but he did not do so.

28. Approximately thirty minutes later, the supervisor, Trooper Butler (Badge. No. 7621) entered the holding cell and asked what had happened.

29. Plaintiff explained that she had been arrested for refusing to answer questions.

30. Trooper Butler attempted to state that refusing to answer questions constitutes obstruction, but Plaintiff responded that it was not obstruction under both federal and state law.

31. Trooper Butler later returned to the cell and advised that he had reviewed the dashboard camera video.

32. Trooper Butler then stated that Defendant Stazzone was a "rookie" and that they would "mark it up to training."

34. Trooper Butler then advised Plaintiff that he would do her a "favor" and see get her car released from the impound lot without fees.

35. Approximately thirty minutes later, Trooper Butler walked Plaintiff to her car and apologized for Trooper Stazzone.

36. At no time during the events described above, was Plaintiff incapacitated, a threat to the safety of herself or others, disorderly or in the commission of a criminal offense.

37. Defendants Stazzone and Gosa had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff, and no legal cause or excuse to seize the person or property of the Plaintiff.

38. As a direct and proximate result of the said acts of Defendants Stazzone and Gosa, Plaintiff has suffered violations of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person, loss of her physical liberty, and physical and emotional suffering.

39. The actions of Defendants deprived Plaintiff of her rights not only under the United States Constitution but also under the State of New Jersey Constitution, Article I, Paragraph 7.

40. Defendants Stazzone and Gosa were, at all times herein, acting under the color of law.

41. As a result of defendants' conduct, plaintiff has been caused to suffer physical harm, humiliation and upset.

42. The actions taken against Plaintiff were undertaken with a willful and wanton disregard for her rights such that punitive damages are warranted.

## COUNT I

### 42 U.S.C. 1983 – State Trooper Matthew Stazzone in his Official Capacity

43. Plaintiff hereby repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44. For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

45. The plaintiff prays that Trooper Stazzone be enjoined by the Court from violating the Constitutional rights and privileges of all persons in New Jersey.

46. The Plaintiff prays that the Court require defendants Trooper Stazzone to submit to retraining regarding the observation of the Constitutional rights and privileges of all persons within the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, awarding such prospective and equitable relief, including costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### 42 U.S.C. 1983 – State Trooper Matthew Stazzone in his Personal Capacities

47. Plaintiff hereby repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48. For the reasons set forth above, plaintiff has been deprived of her Constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### New Jersey Civil Rights Act – State Trooper Matthew Stazzone in his Official Capacity

49. Plaintiff hereby repeats and realleges paragraphs 1 through 48 as though fully set forth herein.

50. For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

51. The plaintiff prays that Trooper Stazzone be enjoined by the Court from violating the Constitutional rights and privileges of all persons in New Jersey.

52. The Plaintiff prays that the Court require defendant Trooper Stazzone to submit to retraining regarding the observation of the Constitutional rights and privileges of all persons within the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, with such prospective and equitable relief, including costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### New Jersey Civil Rights Act – State Trooper Matthew Stazzone in his Personal Capacity

53. Plaintiff hereby repeats and realleges paragraphs 1 through 52 as though fully set forth herein.

54. For the reasons set forth above, plaintiff has been deprived of her Constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just

## COUNT V

### 42 U.S.C. 1983 – State Trooper Demetric Gosa in his Official Capacity

55.     Plaintiff hereby repeats and realleges paragraphs 1 through 54 as though fully set forth herein.

56.     For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

57.     The plaintiff prays that Trooper Gosa be enjoined by the Court from violating the Constitutional rights and privileges of all persons in New Jersey.

58.     The Plaintiff prays that the Court require defendants Trooper Gosa to submit to retraining regarding the observation of the Constitutional rights and privileges of all persons within the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, awarding such prospective and equitable relief, including costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VI

### 42 U.S.C. 1983 – State Trooper Demetric Gosa in his Personal Capacities

59.     Plaintiff hereby repeats and realleges paragraphs 1 through 58 as though fully set forth herein.

59.     For the reasons set forth above, plaintiff has been deprived of her Constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VII

**New Jersey Civil Rights Act – State Trooper Demetric Gosa in his Official Capacity**

60. Plaintiff hereby repeats and realleges paragraphs 1 through 59 as though fully set forth herein.

61. For the reasons set forth above, plaintiff has been deprived her constitutional privileges such that defendants are liable.

62. The plaintiff prays that Trooper Gosa be enjoined by the Court from violating the Constitutional rights and privileges of all persons in New Jersey.

63. The Plaintiff prays that the Court require defendant Trooper Gosa to submit to retraining regarding the observation of the Constitutional rights and privileges of all persons within the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, with such prospective and equitable relief, including costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VIII

**New Jersey Civil Rights Act – State Trooper Demetric Gosa in his Personal Capacity**

64. Plaintiff hereby repeats and realleges paragraphs 1 through 63 as though fully set forth herein.

65. For the reasons set forth above, plaintiff has been deprived of her Constitutional privileges such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

Respectfully submitted,

**COSTELLO & MAINS, LLC**

By: __/s/ Kevin M. Costello_____
    Kevin M. Costello
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
kcostello@costellomains.com

Attorneys for Plaintiffs

Dated:

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By: __/s/ Kevin M. Costello_____
    Kevin M. Costello